United States District Court
Southern District of Texas
**ENTERED**
May 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TREYVION GRAY, § | |
|     Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-01245 |
| § | |
| NEEDVILLE INDEPENDENT SCHOOL § | |
| DISTRICT, *et al.*, § | |
|     Defendants. § | |

# **ORDER**

Pending before the Court is a motion for a Temporary Restraining Order filed by Plaintiff Treyvion Gray. (Dkt. 15). The Court held an evidentiary hearing on the motion on May 4, 2022. (Dkt. 16). After careful consideration of the parties' written submissions, the evidentiary record developed at the hearing, and the other filings in the case, Gray's motion (Dkt. 15) is **GRANTED**.

Gray filed this suit against Defendant Needville Independent School District (NISD), alleging the following causes of action: (1) intentional race discrimination under the Fourteenth Amendment's Equal Protection Clause; (2) intentional race discrimination under Title VI of the Civil Rights Act of 1964; (3) sex discrimination under the Fourteenth Amendment's Equal Protection Clause; (4) sex discrimination under Title IX; (5) intentional race discrimination in violation of Section 106.001 of the Texas Civil Practice and Remedies Code; (6) sex discrimination in violation of Section 106.001 of the Texas

Civil Practice and Remedies Code; and (7) violation of his First Amendment right to free speech. (Dkt. 1 at 24-43). In the motion Gray asks the Court to enjoin NISD and its employees from enforcing the NISD Dress Code and Hair Policy against Gray or otherwise seeking to force Gray to cut his locs; require NISD and its employees to immediately permit Gray to transfer back into regular in-class instruction at Needville High School; and allow Gray to participate in extracurricular activities including prom and the commencement ceremony for graduating seniors on Friday, May 20, 2022, without cutting his locs. (Dkt. 15-9 at 5-6).

In the Fifth Circuit, the following well-established framework generally governs the determination of whether to grant a temporary restraining order. To be entitled to a temporary restraining order, the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. Because a preliminary injunction is an extraordinary remedy, it should not be granted unless the movant has clearly carried the burden of persuasion on all four requirements. Failure to sufficiently establish any one of the four factors requires this Court to deny the movant's request for a preliminary injunction. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

Gray has carried the burden of persuasion on all four requirements as to at least his claim for gender discrimination under the Fourteenth Amendment's Equal Protection

Clause. *Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F. Supp. 3d 511, 519-21 (S.D. Tex. 2020). Needville High School and its employees are enjoined from enforcing the NISD Dress Code and Hair Policy against Gray or otherwise seeking to force Gray to cut his locs; are immediately to permit Gray to transfer back into regular in-class instruction at Needville High School; and are to allow Gray to participate in extracurricular activities including prom and the commencement ceremony for graduating seniors on Friday, May 20, 2022, without cutting his locs. A permanent injunction hearing will be held on Wednesday, May 18, 2022.

## CONCLUSION

Accordingly, for all the reasons stated above, Gray's motion for a temporary restraining order (Dkt. 15) is **GRANTED**.

SIGNED at Houston, Texas, this 4th day of May, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

3